IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON J. BRESSI, | No. 1:21-CV-01187 |
| Petitioner, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| SUPERINTENDENT SOLOMON, *et al.*, | |
| Respondents. | |

**ORDER**

**OCTOBER 13, 2021**

Aaron J. Bressi, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence.[1] Bressi's claims primarily focus on allegations of ineffective assistance of counsel.[2] In July 2021, Magistrate Judge Martin C. Carlson issued a show cause order directing Bressi to show cause as to why his petition should not be dismissed *sua sponte* based upon his failure to exhaust state court remedies.[3] Bressi filed a timely response arguing that his failure to exhaust state court remedies should be excused because a failure to consider his claims would result in a miscarriage of justice, and because Pennsylvania's judicial system is operated by "full blown criminals."[4]

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 8.
[4] Doc. 12.

In August 2021, Magistrate Judge Carlson issued a Report and Recommendation recommending that this Court deny the petition based upon Bressi's failure to exhaust his state court remedies.[5] Bressi filed timely objections to this Report and Recommendation, again arguing that his failure to exhaust should be excused because a failure to consider his claims would result in a miscarriage of justice, and because the state courts have inexcusably delayed ruling on his case.[6]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[7] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[8] After reviewing the record, the Court finds no error in Magistrate Judge Carlson's conclusion that Bressi has failed to exhaust his state court remedies as to any claim of ineffective assistance of counsel, and that said failure may not be excused. Accordingly, **IT IS HEREBY ORDERED** that:

1.  Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 13) is **ADOPTED**;

---

[5] Doc. 13.
[6] Doc. 14.
[7] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

2. Bressi's 28 U.S.C. § 2254 petition (Doc. 1) is **DISMISSED** without prejudice to his right to refile after he exhausts his state court remedies;

3. The Court declines to issue certificate of appealability;[9] and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[9] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).